UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TIMOTHY GARRETT and<br>DEBORAH GARRETT,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   CAUSE NO. 1:12-CV-82<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This case was removed to this Court from the Wells Circuit Court by Defendant based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal alleges that "Plaintiffs were at the time of commencement of said action, and presently are, citizens of the State of Indiana, being residents (and *thus, presumptively, domiciliaries*) of Wells County, Indiana." (Notice of Removal ¶2 (emphasis added).)

Defendant's Notice of Removal, however, is inadequate because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006). As to Plaintiffs, "[f]or natural

1

persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").

While Defendants allege that Plaintiffs are citizens of the State of Indiana, they do so based on the fact that they are residents and "thus, presumptively, domiciliaries" of Indiana. (Notice of Removal ¶ 2.)  Residence, however, does not necessarily equate with domicile, *see Heinen v. Northrop Grumman Corp.*, __ F.3d __, 2012 WL 372988, at *1 (7th Cir. Feb. 7, 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *In re Sprint Nextel Corp.*, 593 F.3d 669, 674 (7th Cir. 2010) ("Granted, being a resident isn't the same thing as being a citizen, that is to say, a domiciliary.").  Therefore, alleging that Plaintiffs are citizens of Indiana simply because they are residents, and thus presumptively domicilaries, of the State of Indiana is insufficient.  Therefore, the Court must be advised of the Plaintiffs' citizenship, which depends on their domicile and cannot simply be presumed by their state of residence.

Therefore, Defendant is ORDERED to supplement the record by filing an Amended Notice of Removal on or before March 28, 2012, properly alleging the citizenship of Plaintiffs Timothy Garrett and Deborah Garrett based on their domicile rather than residence.

SO ORDERED.

Enter for this 14th day of March, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge